**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAFAYETTE DIVISION**

| | |
|---|---|
| **MAMADOU SALIOU DIALLO** | **CIVIL ACTION NO. 6:26-3263** |
| | **SECTION P** |
| **VS.** | **JUDGE S. MAURICE HICKS, JR.** |
| **WARDEN PINE PRAIRIE ICE PROCESSING CENTER, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**REPORT AND RECOMMENDATION**

Petitioner Mamadou Saliou Diallo,[1] a detainee in the custody of the Department of Homeland Security ("DHS") and the Bureau of Immigration and Customs Enforcement ("ICE"), petitions for a writ of habeas corpus under 28 U.S.C. § 2241.[2] Respondents oppose the petition. [doc. # 7]. For reasons below, the Court should grant habeas corpus.

**Background**

Petitioner is a citizen of Guinea. "He entered the U.S. without inspection on or about November 19, 2023, near the southern border." [doc. # 1, p. 5].

On November 21, 2023, DHS released Petitioner on recognizance. [doc. #s 1, p. 5; 8-1, p. 1]. "Throughout his time in the United States, Petitioner scrupulously complied with all

---

[1] Petitioner's "A Number" is 245-485-356.

[2] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

conditions of his release. He appeared for every required immigration court hearing and attended every scheduled check-in with ICE." [doc. # 1, p. 7].

"On February 11, 2025, Petitioner received an approval notice for his I-360 Petition for Special Immigrant Juvenile Status and was granted Deferred Action for a period of four years." [doc. #s 1, p. 2; 8-2, p. 1].

"Petitioner's removal proceedings were terminated on November 18, 2025, pursuant to his approved I-360 petition and grant of Deferred Action by USCIS." [doc. # 1, p. 8].

"On August 13, 2026, without warning, ICE officers abruptly terminated Petitioner's release and arrested him on the spot during his routine check-in, taking him back into custody. Petitioner was not informed of any new misconduct, incident, or change in circumstance that precipitated this drastic action. In fact, ICE provided no explanation at all – Petitioner was simply told that he was being detained, and agents proceeded to place him in immigration custody, holding him at the ICE facility in Newark New Jersey before transferring him to a detention center in Pine Prairie Louisiana. Petitioner's re-detention was not based on any new criminal behavior or any violation by Petitioner; it occurred despite Petitioner's grant of deferred action, termination of his removal proceedings, consistent compliance with all government instructions and his extensive ties to the community." [doc. #s 1, p. 7; 7-1].

"On August 14, 2026, Petitioner was served with a Notice to Appear (NTA) alleging that he is an alien who has not been admitted or paroled into the United States." [doc. # 7, p. 1].

Petitioner filed this proceeding on August 26, 2026. [doc. # 1]. He claims that the Government is erroneously detaining him under 8 U.S.C. § 1225. *Id.* at 10. He also maintains that the Government is unlawfully detaining him in violation of his grant of Deferred Action. *Id.* at 11. He argues: "There has been no such termination of Petitioner's deferred action and he is

still within the four year window of deferred action granted by the Service. . . . If this continued detention was allowed to stand, it would render the prosecutorial discretion already granted to the Petitioner, in the form of deferred action, null and void, despite the Service already determining that Petitioner warrants a grant to discretion." *Id.*

Petitioner also claims that the Government is violating his right to due process by detaining him without affording him a bond hearing and without affording him pre-deprivation notice and an opportunity to be heard. [doc. # 1, p. 12].

Respondents opposed the petition on September 29, 2026. [doc. # 7]. Petitioner filed a reply on October 13, 2026. [doc. # 8].

Petitioner has an immigration hearing scheduled for October 23, 2026.[3]

**Law and Analysis**

In *Guerra Leon v. Noem*, No. 3:25-CV-01495 SEC P, 2025 WL 4113562, at *1 (W.D. La. Oct. 30, 2025) (internal footnotes omitted), District Judge Terry A. Doughty opined:

> Petitioner is likely to succeed on the merits of his habeas claim due to his deferred action status which remains in effect until December 9, 2026. Petitioner argues that his valid grant of deferred action precludes his removal. Respondents argue that deferred action does not provide lawful status and ICE is still within its statutory authority to execute final orders of removal regardless of whether the term of deferred action has expired.
>
> The Respondents fail to cite any authority that allow the removal of Petitioner when deferred action status is still in effect. Instead, they focus on a case like *Cortez-Amador v. Att'y Gen.*, 66 F.4th 429, 433 (3d Cir. 2023), which focuses solely on the SIJS given to Cortez-Amador who then was sentenced to prison for sexually assaulting a minor. The *Coretez-Amador* court held that SIJS is not an exemption from removal as a noncitizen' SIJS status did not prevent him from being removed due to his criminal history. *Id.* at 431.
>
> Here however, the SIJS status is not what prevents the removability of the Petitioner. The operative factor precluding removal is his deferred action that remains in effect until December 9, 2026. USCIS's most recent policy, despite

[3] https://acis.eoir.justice.gov/en/caseInformation (last visited October 14, 2026).

> other changes, states that "aliens with current deferred action based on their SIJ classification will generally retain this deferred action, as well as retain their current employment authorization provided based on this deferred action, until current validity periods expire." USCIS, *Policy Alert PA-2025-07* (June 6, 2025), https://www.uscis.gov/sites/default/files/document/policy-manual-updates/20250606-SIJDeferredAction.pdf.; *Primero v. Mattivelo*, No. 25-cv-11442, 2025 WL 1899115, at *5 (D. Mass. July 9, 2025). In *Primero*, the petitioner was brought to the United States by his father as a minor in 2018. *Id.* at *2. He was arrested alongside his father and a final order of removal was issued *in abstentia* in 2021, but then in September of 2022, he was granted deferred action status that was valid for four years, unless terminated earlier by USCIS. *Id.* The *Primero* court determined that petitioner's valid grant of deferred action precluded his removal. *Id.* at *4 ("Respondents do not suggest that ICE routinely removes individuals with active grants of deferred action from the United States").
>
> This case has the same factual scenario as *Primero*. Just like in *Primero*, here Petitioner has a valid grant of deferred action status which has not been terminated early by USCIS and remains effective until December 9, 2026. Petitioner may still be subject to removal in the future if his deferred action status is terminated before its expiration or if it expires and is not renewed. Respondents, however, have not terminated or sought to terminate Petitioner's deferred action status. This makes Petitioner non-removable while his deferred action status remains in effect.
>
> . . . .
>
> This Court holds that without terminating Petitioner's deferred action status, Petitioner cannot be removed.
>
> For the foregoing reasons,
>
> **IT IS HEREBY ORDERED** that the Motion for Temporary Restraining Order and Preliminary Injunction [Doc. No. 4] is **GRANTED**. Respondents are to release Petitioner from custody immediately.

*See also Benitez-Umanzor v. Jackson Par. Corr. Ctr.*, No. CV 26-0940, 2026 WL 948795, at *2 (W.D. La. Apr. 8, 2026) (Van Hook, J.) ("Benetiz-Umanzor is likely to succeed on the merits of his habeas claim because a noncitizen with deferred action status has a liberty interest protected under the Due Process Clause. Other district courts that have considered this issue have

overwhelmingly found the same.") (listing cases); *Braganca v. Tellez*, 3:25-cv-1845 (W.D. La. June 4, 2026).

Here, like in *Guerra Leon*, Petitioner has deferred action status which remains in effect. Respondents do not mention Petitioner's deferred action status in their response. Accordingly, the Court should grant Petitioner's claim and instruct Respondents to release him from custody immediately.

## **Recommendation**[4]

For the reasons above, **IT IS RECOMMENDED** that Petitioner Mamadou Saliou Diallo's request for habeas corpus be **GRANTED**. Respondents, and the warden of Pine Prairie ICE Processing Center, shall (A) **immediately release** Petitioner from custody without any bond requirements or new conditions, and (B) notify Petitioner's counsel of the exact location and time of his release no less than two hours before his release.

**IT IS FURTHER RECOMMENDED** that Respondents shall, within **24 hours** after Petitioner's release, file a status report confirming his release.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R.**

---

[4] The undersigned finds no need to address any claim or request for relief not addressed herein.

**Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** ***See Douglass v. United Services Automobile Association*****, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 15th day of October, 2026.

Kayla Dye McClusky
United States Magistrate Judge